## Adamson, Appellant, *v.* May.

*Equity—Partition—Death of defendant—Accounting—Dismissal of bill.*

1. While a plaintiff in partition ordinarily has the right to an accounting of rents and profits, received by a defendant in possession, the right is merely incidental to the principal purpose of the proceeding which is a division of the land in controversy, and when partition becomes impossible as against the person liable to make the incidental accounting, by reason of the termination of his interest, the principal purpose of the suit being impossible of accomplishment, the right to an accounting in the partition proceedings fails.

2. A bill in equity for partition against a person in possession claiming title as tenant by the curtesy, was properly dismissed where such tenant died after the institution of the proceedings, without barring the right of a claimant to proceed for an accounting in an appropriate action.

Argued April 26, 1916. Appeal, No. 140, Jan. T., 1916, by plaintiff, from decree of C. P. Crawford Co., Sept. T., 1914, No. 2, dismissing bill in equity for partition, in case of Ethel McClintock Adamson v. George S. May (now James R. Nutting, Executor of George S. May, deceased), and Marion McClintock. Before BROWN, C. J., MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Bill in equity for partition. Before PRATHER, P. J.

The opinion of the Supreme Court states the facts.

The court on final hearing dismissed the bill. Plaintiff appealed.

*Errors assigned* were in dismissing exceptions to various findings of fact and law and the decree of the court.

*Albert L. Thomas,* with him *George H. Gilman,* for appellants.

*Wesley B. Best,* with him *John O. McClintock,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, July 1, 1916:

This was an equitable proceeding in partition; the bill was dismissed, and the plaintiff, Ethel McClintock Adamson, has appealed. She averred in her bill that she and Marion McClintock, joined as a defendant, were the only surviving children of M. Florence May, deceased, who was the wife of George S. May, the first named defendant; that M. Florence May died August 15, 1908, testate; that she devised and bequeathed all her property, real and personal, to the plaintiff and Marion McClintock; that George S. May elected to take against the will of his wife, and claimed his curtesy rights in all of the real estate of which she died seized; that M. Florence May, while the owner of an undivided three-fourths interest in certain described real estate, on the eve of her marriage to George S. May, and with his consent, executed a deed conveying such interest to the plaintiff and her sister; that subsequently, in April, 1883, Mrs. May and her husband filed a bill in equity asking that the deed just mentioned be revoked; that a decree of cancellation was entered, but, at the same time, the complainants were directed to execute a conveyance of the property in question to one N. C. McLaughlin, in trust, inter alia, for the sole and separate use of M. Florence May during her natural life and at her death for the plaintiff and Marion McClintock, in fee; that a deed was executed accordingly; that, thereafter, Mr. McLaughlin resigned as trustee and the court appointed one Henry C. Davis in his place and stead; that subsequently the last named trustee conveyed the property so held by him to M. Florence May, in her individual right, the deed reciting a consideration of $7,000, which consideration the plaintiff alleged "never passed, but that the transfer was made without any consideration whatever." The plaintiff further averred that "M. Florence May died seized of the

remaining undivided one-fourth interest in and to said piece of land...... which said interest was acquired by M. Florence May, by purchase, after her marriage to the defendant George S. May"; finally, the plaintiff contended that the land in controversy was held by her and Marion McClintock as tenants in common, subject only to the curtesy rights of George S. May in the last mentioned undivided one-fourth thereof; she prayed for partition, and an accounting on the part of George S. May.

Marion McClintock filed an answer in which she admitted all the allegations in the plaintiff's bill; further, she averred that M. Florence May had caused the removal of N. C. McLaughlin as trustee and the appointment of Henry C. Davis, "an elderly and infirm person," in his place and stead, "for the purpose of obtaining a conveyance from the trustee to herself of the remainder of the trust property," and that, when made, such conveyance was "without consideration and for the purpose of avoiding the restrictions in the trust deed."

It was suggested on the record that George S. May died August 8, 1914, and letters testamentary on his estate had been issued to one James R. Nutting. The latter, as executor, filed an answer in which he "denied that the plaintiff and Marion McClintock, at the filing of the bill, held the property therein described as tenants in common," and averred "that George S. May held the sole and entire possession of said property, as tenant by the curtesy, adversely to, and to the exclusion of, the plaintiff and Marion McClintock, and that their interest was but a remainder interest." The defendant contended in this answer that M. Florence May died seized of a fee simple estate in the entire property in controversy; that the sole and only interest therein possessed by the plaintiff and Marion McClintock came to them through and by virtue of the will of their mother and not to any extent under the trust deed recited in the bill of complaint; that the whole interest of the daughters was acquired by them subject to the curtesy rights and possession of the

said George S. May, which he took and exercised from
the date of his wife's death, on August 15, 1908, until the
time of his own decease, August 8, 1914; and "that such
possession was open, notorious, exclusive, hostile and
adverse to the remainder." The defendant admitted that
N. C. McLaughlin resigned as trustee and Henry C.
Davis was appointed in his stead; that, on or about Feb-
ruary 10, 1890, the latter trustee conveyed to M. Florence
May, inter alia, the land sought to be partitioned, and
that the consideration named was $7,000; but he denied
that no consideration passed and contended "that M.
Florence May purchased the land from Henry C. Davis,
trustee, Feb. 10, 1890, and from that time until her death,
August 15, 1908, had and enjoyed the sole, absolute, ex-
clusive, hostile, adverse and uninterrupted possession,
against Henry C. Davis, trustee, and against the plaintiff
and Marion McClintock, . . . . . . that she (Mrs. May) died
seized and possessed thereof, and George S. May, as ten-
ant by the curtesy, continued in said possession until his
death, August 8, 1914; that such possession of M. Flor-
ence May in her lifetime and of George S. May (there-
after) was held for a period of upwards of twenty-four
years with the knowledge and consent of Henry C. Davis,
trustee, the plaintiff, and Marion McClintock, and that
by reason thereof any right of action of the said Henry
C. Davis, trustee, or any remainderman by or through
the said trustee, is barred by the statute of limitations."
The defendant further contended "that the right of the
plaintiff is barred by her laches, and the said plaintiff
having reached her majority many years prior to the
death of her mother, and having had knowledge of her
mother's possession and of her erecting permanent im-
provements upon the land in dispute, she is now es-
topped from setting up any claim against M. Florence
May, or her husband, as tenant by the curtesy"; "that
at the time of filing the bill plaintiff was out of posses-
sion, and George S. May was in the sole, exclusive, ad-
verse and hostile possession thereof, as tenant by the

curtesy, and, therefore, she cannot maintain the bill, as
it was prematurely brought, and.......the court sitting
in equity is without jurisdiction." Finally, the defend-
ant admitted "that M. Florence May died testate and
that (by her will) all her property was given to the plain-
tiff and Marion McClintock," but contended "that George
S. May was entitled to the rents collected by him and for
which plaintiff asks an accounting, for the reason that he,
as tenant by the curtesy, was entitled to all the rents,
issues and profits of said real estate."

The plaintiff joined issue on the matters alleged in the
executor's answer, and the case came to hearing. On the
testimony presented, the chancellor made numerous
findings of fact in relation to the quantity and quality of
the estate held by M. Florence May, and by George S.
May after her death, under and by virtue of the before
recited conveyance from Davis, trustee; and thereon he
concluded, inter alia, that the first named, as against the
plaintiff and Marion McClintock, died seized and pos-
sessed of an estate in fee, and her husband, having taken
against her will, held the whole property as tenant by the
curtesy, with remainder in the above named two daugh-
ters, "that equity was without jurisdiction to partition
the estate between the tenant by the curtesy and the re-
maindermen," and, for these and other like reasons, the
bill should be dismissed.

When the facts to which we are about to refer are kept
in mind, it will be seen that the above stated points of
law, adjudicated by the court below, were all moot, so
far as the present partition proceedings are concerned.
The chancellor found these material facts: that M. Flor-
ence May departed this life August 15, 1908, testate, leav-
ing to survive her a husband, George S. May, and two
daughters, Ethel McClintock Adamson and Marion Mc-
Clintock; that the testatrix gave all her property to
these two daughters; that Mr. May elected to take
against his wife's will, as tenant by the curtesy of her
real estate, and subsequently, on August 8, 1914, after

the filing of the bill in the present case, died; that, both by the terms of the trust deed of 1883 and under the provisions of the will of M. Florence May, upon her death, the property in controversy was to vest in the plaintiff and her sister. Therefore we say: all the questions so vigorously contested in the court below, concerning the quantity and quality of the estate possessed by Mrs. May and the extent of that taken by Mr. May, as tenant by the curtesy, became moot upon the decease of the latter.

The appellant contends, however, that, since a plaintiff in partition, ordinarily, has the right to an accounting of rents and profits from a defendant in possession, the bill should be sustained as against the executor of George S. May, deceased, to accomplish that purpose; but the answer to this contention is that such right is merely incidental to the principal purpose of a proceeding in partition, i. e., a division of the land in controversy, and when partition becomes unattainable against the person liable to make the incidental accounting, by reason of the absolute ending of any interest which he or others claiming through him may have in the land, then, the principal purpose of the suit being impossible of accomplishment, the right to an accounting in that particular proceeding fails.

The objects of the present suit, disclosed by the pleadings, was to determine the title to and accomplish the partition of the property in controversy as against George S. May. The plaintiff, and her sister, the other defendant, contended in their bill and answer, respectively, that Mr. May was not a tenant by the curtesy in the undivided three-fourths interest covered by the trust deed, but simply in the one-fourth undivided part of the property purchased by M. Florence May individually after the date of the aforesaid deed; while the executor of Mr. May contended that his decedent was tenant by the curtesy of the entire property. These respective contentions raised disputed questions of title involving issues of fact, which it is highly doubtful whether a chancellor

should, under the circumstances, have undertaken to pass upon; aside from that point, however, as already suggested, on the death of Mr. May all the controverted issues of title in the case became moot questions, and, upon that ground alone, we determine the bill was properly dismissed.

As before said, the averments of both the plaintiff's bill and of the answer filed by her sister indicate that, so far as the partition of the property in question was concerned, their joint object was to accomplish a division thereof as against George S. May, and there was no request in the court below, or suggestion here, that the bill should be retained for the purpose of a partition between the two sisters; nor is there any assignment of error which complains because it was not so held. Of course, if the sisters want partition as between themselves, the courts are open to them for that purpose; or if both, or either, of them desire and can show their right to an accounting from the executor of George S. May, deceased, in a proper proceeding, there is nothing in our present adjudication which will bar them therefrom.

The assignments of error are all dismissed, and the decree is affirmed at the cost of the appellant.